ELLEN SHAW BARLOW, Appellant, *v.* CHARLES L. CRAIG, as Comptroller of the City of New York, and Others, Respondents, Impleaded with WALTER RICHARDS and Others, Intervenors.

First Department, February 20, 1925.

Municipal corporations — city of New York — taxpayer's action to restrain payment of salaries to certain employees of board of health — motion for temporary injunction — resolution of municipal civil service commission of city of New York purporting, pursuant to rule XII, clause 8, of municipal civil service commission, which was enacted under authority of Civil Service Law, § 15, subd. 2, to exempt said employees from examination — said resolution received affirmative vote of one commissioner present, affirmative vote of another commissioner by proxy and negative vote of third commissioner — appointment of employees invalid — term of office of said employees has expired — since complaint demands only that payment of salaries be restrained question is academic — fact that municipal civil service commission has approved resolution for funds for other employees without examination does not authorize court to grant relief not demanded.

*It seems,* that the appointment of 169 employees by the board of health of the city of New York, without examination, to enable the board to carry on its

work of protecting the population of the city against the spread of certain diseases, was irregular and improper under a resolution of the municipal civil service commission of New York, passed in pursuance of clause 8 of rule XII of the municipal civil service commission, which was adopted under the power contained in subdivision 2 of section 15 of the Civil Service Law, which resolution purported to exempt said employees from examination, and was adopted on the affirmative vote of one commissioner present, the affirmative vote of another commissioner by proxy, and the negative vote of a third commissioner.

However, the plaintiff cannot maintain a taxpayer's action to restrain the payment of salaries to said employees since their term of office has expired and, therefore, the question is academic.

If the complaint had alleged that the board of health threatened to continue to reappoint said persons and to submit or cause to be submitted to the municipal civil service commission and to the city comptroller payrolls for the payment of moneys to the said persons, the court might have granted injunctive relief, if demand had been made therefor, but since the complaint in this action demands only that the payment of the salaries of said employees, whose terms of office have now expired, be restrained, the action cannot be maintained and a motion for a temporary injunction must be denied.

The fact that since the commencement of this action the municipal civil service commission has approved a resolution for the employment without examination of other employees covering the same positions mentioned in the complaint does not justify the court in granting relief not demanded.

APPEAL by the plaintiff, Ellen Shaw Barlow, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of December, 1924, denying plaintiff's motion for an injunction *pendente lite.*

*H. Eliot Kaplan* [*Albert De Roode* of counsel], for the appellant.

*George P. Nicholson, Corporation Counsel* [*Elliot S. Benedict* of counsel; *John F. O'Brien* and *Arthur Sweeny* with him on the brief], for the respondents.

*William H. Kehoe,* for the intervenor Walter A. Richards and the other special inspectors referred to in the complaint.

MERRELL, J.:

The action is brought by the plaintiff, who alleges in her complaint that she is a citizen of the city of New York, borough of Manhattan, and resides therein and is a taxpayer and the owner of property in such city assessed for several years last past for at least $1,000, and that plaintiff has paid annual taxes to the said city during such period and within one year prior to the date of the commencement of the action upon assessments to the amount of $1,000, and is liable for the payment of taxes in said city on such assessment of the above-named amount.

The action is brought to restrain the board of health of the city

of New York from submitting or causing to be submitted to the comptroller payrolls for moneys to be paid to 169 employees of the board of health named in an exhibit attached to the complaint, and to restrain the president and members of the municipal civil service commission from certifying or causing to be certified on payrolls submitted for the payment of moneys to said persons, any certificate authorizing or sanctioning such payment, and permanently enjoining and restraining the comptroller of the city of New York from drawing or causing to be drawn warrants for wages or salary of the said persons; permanently enjoining and restraining the chamberlain of the city of New York from paying or causing to be paid any warrants drawn for the payment of moneys to said persons, and adjudging that the acts of the comptroller and chamberlain, the department of health and the president of the department of health, and the municipal civil service commission in paying moneys to the aforesaid persons and in submitting payrolls and certifying thereto are illegal.

Plaintiff in her complaint alleges that on June 18, 1924, the department of health of the city of New York addressed a communication to the board of estimate and apportionment of said city, a copy of which is annexed to the complaint, in which the work of the board of health and its requirements in combatting disease are set forth, and wherein the board of estimate and apportionment is requested to issue special revenue bonds in the sum of $95,000 for the employment of certain *attachés*, inspectors, clerks, etc., to enable the board of health to carry on its work; that thereafter and on the 20th day of June, 1924, the board of estimate and apportionment adopted resolutions appropriating said sum in payment of the salaries of said *attachés*.

Plaintiff further alleges that on July 18, 1924, the municipal civil service commission of the city of New York adopted the following resolution:

" *Resolved*, That, pursuant to the provisions of Clause 8 of Rule XII, and under the provisions of such other rules, regulations and statutes as may authorize and empower the commission to give its approval to the said employment, the following named be and they are hereby excepted from examination, to ꞵe employed by the Department of Health in connection with the work of protecting the population of the City of New York against the spread and especially for the control of Scarlet Fever, Measles, Pneumonia, Diphtheria, Plague, etc., for a period of six months:

    1 Executive Clerk, $2,000 per annum;

    1 Executive Clerk, $1,700 per annum;

    2 Supervising Inspectors, $1,700 per annum;

90 Special Inspectors, $1,400 per annum;

30 Statistical Clerks, $1,200 per annum;

20 Compiling Clerks, $1,000 per annum;

20 Physicians, $1,500 per annum;

10 Nurses, $1,400 per annum;

2 Chemists, $1,600 per annum;

2 Laboratory Helpers, $1,185 per annum;

25 Laboratory Helpers, $864 per annum;

2 Assistant Inspectors, $1,200 per annum;

5 Bacteriologists, $1,495 per annum;

" The Secretary voting for President Kaplan by proxy;

" Commissioner Drennan voting in the negative."

The plaintiff further alleges in her complaint that thereafter the department of health appointed 169 *attachés* in various positions in connection with its said work; of said 169 employees, 141 had been employed in like capacity prior thereto. Said 169 persons were appointed without examination, and it is the claim of the respondents that they were appointed pursuant to clause 8 of rule XII of the rules of the municipal civil service commission. Clause 8 provides as follows:

" 8. The Commission may except from examination any person engaged in private business who shall render services of a professional, scientific, technical or expert nature of an occasional and exceptional character rendered under an agreement or contract to perform certain specified work, and who is not regularly or continuously employed by the City of New York, and where it appears that the work to be performed is of such a character that no definite estimate can be given as to limit of time or compensation."

It is the contention of the appellant herein that said appointments were illegal, and that the said defendants should have been temporarily enjoined as prayed for in the complaint.

The authority for the adoption of the rule of the municipal civil service commission permitting such exception from examination is found in subdivision 2 of section 15 of the Civil Service Law, which provides as follows: " In case of a vacancy in a position in the competitive class where peculiar and exceptional qualifications of a scientific, professional or educational character are required, and upon satisfactory evidence that for specified reasons competition in such special case is impracticable and that the position can be best filled by the selection of some designated person of high and recognized attainments in such qualities, the State or municipal commission may suspend the provisions of the rule requiring competition in such case, but no such suspension shall be general in its application to such place, and all such cases of sus-

pension shall be reported in the annual reports of such commissions with the reasons for the same."

It is the claim of the appellant that the positions filled by these appointments cannot be deemed positions requiring " peculiar and exceptional qualifications of a scientific, professional or educational character," or that the persons appointed to such positions could be deemed to be " designated [persons] of high and recognized attainments in such qualities." These positions or classes of employment to which said persons have been appointed have not been included in the exempt class, and all are in the competitive class under the provisions of the municipal civil service rules and of the Civil Service Law, and appointments to such positions can only be made without examination by exemption or suspension of the competitive rule under the circumstances provided by the Civil Service Law.

The appellant attacks the resolution of July 18, 1924, upon the ground that it was not passed by a majority vote of the commission. The minutes of the commission show that the vote was adopted by one commissioner voting by proxy in the affirmative, and one commissioner voting in the affirmative, and one commissioner voting in the negative. When the present motion for a temporary injunction came on to be heard, counsel for the respondents claimed surprise when the point as to the right of the proxy vote was raised, and applied for leave to submit further affidavits. After the argument of the motion the municipal civil service commission attempted to correct their minutes to have them read that the vote of one of the commissioners was not taken by proxy, but claiming that he voted over the telephone from Poland Springs, in the State of Maine, and ratified the adoption of the resolution authorizing the employment of the 169 employees without examination.

The appellant certainly makes out a strong case showing that the appointment of these various *attachés* was irregular and without any authority in law, but it seems to me the difficulty with the position of the appellant is that the appointments having been made for six months on July 18, 1924, their terms of office have expired; and that, therefore, the question is academic. The plaintiff in her complaint seeks merely to enjoin the payment to these 169 named employees of the department of health of the various salaries to which they would be entitled if regularly appointed, and the board of health, the comptroller and city chamberlain are sought to be restrained from paying said salaries. The terms of office of the 169 *attachés* have expired and, therefore, they are beyond the effect of a restraining order because their salaries have already been paid. Nowhere in the complaint is it alleged

that the department of health of the city has threatened to reappoint said persons, and there is no demand in the complaint that the board of health be restrained from continuing said persons in its employ. The only injunctive relief asked is against the payment of the said 169 persons. I am of the opinion that, had the plaintiff alleged that the board of health threatened to continue to reappoint said persons and to submit or cause to be submitted to the municipal civil service commission and to the comptroller payrolls for the payment of money to said persons, injunctive relief against such acts might be granted, but nothing of the sort is demanded in the complaint nor in the motion argued. The notice of motion was simply for a temporary injunction pending the final determination of the actions for the relief demanded in the complaint, and the complaint only demands relief by way of restraining the board of health, the comptroller, the municipal civil service commission and the city chamberlain from paying the said 169 persons their said salaries.

Since the argument of the appeal the attorney for the appellant has submitted an affidavit of the secretary of the Civil Service Reform Association of New York to the effect that he has been advised by the secretary of the municipal civil service commission of the city of New York that the commission has approved a resolution for the employment without competitive examination under rule XII, clause 8, of the municipal civil service rules, of 187 employees for a period of six months covering the same positions mentioned in the complaint. I do not think this alters the matter or justifies the granting of greater relief than is asked for in the complaint.

If there has been a repetition of the practice complained of in the complaint by the municipal civil service commission and the board of health, then the plaintiff can bring action to restrain the payment of the salaries to said employees while they are still in office and when such a restraining order would be effective.

In conclusion, the papers upon appeal conclusively show that the 169 persons were appointed without any warrant or authority, either under the Civil Service Law or the rules of the municipal civil service commission. There is no allegation in the complaint that the department of health threatens or will continue its unauthorized practices in the employment of persons to said positions, nor did the plaintiff invoke the restraining power of the court against a continuance of the illegal practices of which she complains. All that plaintiff asked was that the various officials be restrained from certifying or paying the 169 employees named. Had the question presented not become academic by reason of the

fact that the terms of office of the employees, the payment of whose salaries the plaintiff seeks to restrain, have expired, we would have no hesitation in reversing the order appealed from and in granting the plaintiff an injunction *pendente lite.* Assuming the truth of plaintiff's allegations, the employment of the persons named was irregular and without the slightest authority in law. But, as we have said, they are out of office and it would be an idle gesture to endeavor to restrain what is already past. The complaint is insufficient as against like irregular practices in the future which the court might enjoin.

The order, therefore, for the reasons stated, should be affirmed, without costs.

CLARKE, P. J., DOWLING, FINCH and BURR, JJ., concur.

Order affirmed, without costs.